STATE OF NORTH CAROLINA v. JAMES STEADMAN RAY

No. COA96-317

(Filed 1 April 1997)

1. **Constitutional Law § 257 (NCI4th)— no evidence of locked courtroom door—no evidence witness unable to testify due to locked door—defendant not prejudiced**

    Assuming *arguendo* that defendant properly preserved the assignment of error that his constitutional right to a public trial was violated because a locked door prevented one of his witnesses from testifying, defendant's assignment of error was without merit because the record was unclear as to whether the door was locked and the record did not indicate why the witness was not present, what the witness would have testified to, or whether defendant was prejudiced because the witness did not testify.

    **Am Jur 2d, Appellate Review §§ 497, 546, 690.**

2. **Evidence and Witnesses § 295 (NCI4th)— assault—limitation on cross-examination of victim—prior bad acts—defendant not prejudiced**

    In a prosecution for assault, defendant, who claimed he shot the victim in self-defense, was not prejudiced by the trial court's limitation of his cross-examination of the victim regarding the victim's prior assault charge where the victim was acquitted on the charge and defendant was permitted to elicit testimony from the victim regarding the victim's other prior bad acts.

    **Am Jur 2d, Constitutional Law § 849; Evidence § 328.**

    **Other's character or reputation for turbulence on question of self-defense by one charged with assault or homicide. 1 ALR3d 571.**

**3. Evidence and Witnesses § 264 (NCI4th)— victim's character—exclusion of specific instances—absence of prejudice**

It was not error for the trial court to exclude specific evidence of the victim's character in a prosecution for assault where defendant, who contended he acted in self-defense after the victim pulled a gun on him, attempted to elicit testimony from a witness as to whether the witness had knowledge of the victim pulling a gun on anyone else. The trial court permitted other evidence which reflected on the victim's character and defendant did not assert or make an offer of proof showing what the witness's response would have been.

**Am Jur 2d, Assault and Battery § 105; Evidence § 373.**

**Other's character or reputation for turbulence on question of self-defense by one charged with assault or homicide. 1 ALR3d 571.**

**Cross-examination of character witness for accused with reference to particular acts or crimes—modern state rules. 13 ALR4th 796.**

**Construction and application of Rule 608(b) of Federal Rules of Evidence dealing with use of specific instances of conduct to attack or support credibility. 36 ALR Fed. 564.**

**4. Criminal Law § 1092 (NCI4th Rev.)— extraordinary mitigating factors—failure to find and impose intermediate punishment**

The trial court did not abuse its discretion by failing to find as extraordinary mitigating factors for an aggravated assault that defendant has a support system in the community, defendant acted under strong provocation, and defendant had a medical condition that reduced his culpability; therefore, the trial court did not err by failing to impose an intermediate punishment.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide § 554.**

**5. Criminal Law § 1600 (NCI4th)— restitution—Medicaid— recommendation by court**

The trial court did not err by recommending that defendant make restitution to Medicaid for payments made on behalf of the victim where defendant did not object or challenge the existence or amount of the Medicaid payment. The trial court can recom-

mend restitution as a condition of work release or parole, but the Secretary of the Department of Correction and the Parole Commission determines whether defendant should pay restitution as a condition or work release or parole at the time he is released.

**Am Jur 2d, Criminal Law § 572.**

**Propriety of condition of probation which requires defendant convicted of crime violence to make reparation to injured victim. 79 ALR3d 976.**

**Measure and elements of restitution to which victim is entitled under state criminal statute. 15 ALR5th 391.**

Appeal by defendant from judgment entered 23 August 1995 by Judge Joe Freeman Britt in Johnston County Superior Court. Heard in the Court of Appeals 8 January 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Philip Allen, for the State.*

*R. Daniel Boyce for defendant-appellant.*

WALKER, Judge.

On 12 February 1995, defendant was driving his truck when he noticed a signal on his CB radio. He identified the signal as one coming from a person attempting to block the signal of others. Defendant tracked the signal to a location at Smalls Chapel Church. He then tried to block the signal he had been tracking. After approximately five minutes, he was approached by Randy Moye (Moye), along with his son, Joey Moye, and his neighbor, James Lassiter (Lassiter). Defendant testified that he and Moye exchanged words, and that Moye cursed and threatened him. Defendant further testified that after this exchange, Moye reached under his coat and pulled out a gun, but the gun caught on his coat and fell to the ground. Upon seeing Moye reach for the gun on the ground, defendant pulled out his own gun and fired three shots in Moye's direction. Defendant testified that he shot Moye in self-defense because he feared for his life. Moye testified that he and defendant did not know each other before the day of the incident, that he did not threaten defendant, and that he attempted to pull his gun out only after seeing defendant had a gun.

STATE v. RAY

[125 N.C. App. 721 (1997)]

Defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury. The trial court instructed the jury on self-defense; however, defendant was convicted of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to a minimum 17 months and a maximum 30 months in the custody of the Department of Corrections and recommended that defendant pay restitution in the amount of $82,000.00.

[1] In his first assignment of error, defendant contends that the trial court erred by locking the courtroom doors during his trial, thereby denying his right to a public trial as guaranteed by N.C. Const. art. I, § 18 and U.S. Const. amends. VI and XIV, § 1. To prove the doors were locked, defendant argues that a witness that was to testify on his behalf was not present in the courtroom upon being called to the stand. When the witness did not appear, defense counsel stated, "I don't know if maybe she's out there and they won't let her come in." (T. at 127).

We first note that defendant did not object to the doors being locked, if in fact they were locked. According to N.C.R. App. P. 10(b), "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ." Because defendant did not object to the doors being locked, he has failed to preserve the question for appellate review. However, even if this assignment of error was properly before us, we would find that defendant was not denied his constitutional right to a public trial. It is unclear from the record whether the doors were in fact locked, or whether anyone was prevented from entering or exiting the courtroom. In addition, there is no indication in the record as to why the witness was not present, what she would have testified to, or whether defendant was prejudiced because she did not testify. We therefore find defendant's first assignment of error to be without merit.

[2] In his second assignment of error, defendant contends that the trial court erred by limiting defense counsel's cross-examination of Moye regarding evidence of a prior assault charge against him for which he was acquitted. Defendant argues that such evidence is admissible pursuant to N.C.R. Evid. 404(b) to establish Moye's motive, opportunity, common plan, and absence of mistake on the day of the encounter, and to support his claim that he shot Moye in self-defense.

STATE v. RAY

[125 N.C. App. 721 (1997)]

As the State correctly points out, this assignment of error refers to pages of the transcript that contain the cross-examination of Lassiter rather than Moye. However, we elect to address this assignment of error as it was otherwise properly brought forward by defendant.

According to N.C.R. Evid. 404(b), evidence of prior bad acts is inadmissible to prove action in conformity with character. It is, however, admissible for other purposes, such as to show motive, opportunity, common plan, and absence of mistake. After Moye testified that he had been acquitted of the assault charge, the trial court sustained the State's objection. Defendant, however, failed to establish that this evidence would show motive, etc. on the part of Moye. In any event, defendant was permitted to cross-examine Moye about his history of prior bad acts, including convictions for assault and communicating threats, incidents of Moye impersonating a police officer and frequently blocking CB signals. Therefore, since defendant was permitted to elicit testimony from Moye regarding other prior bad acts, we fail to see how defendant was prejudiced by the trial court's limitation of defendant's cross-examination of Moye as to this one incident.

[3] In his third assignment of error, defendant contends that the trial court erred in refusing to allow evidence of Moye's character under N.C.R. Evid. 404(a)(2) in order to show that he was the aggressor in this altercation.

While evidence of character is generally inadmissible, N.C.R. Evid. 404(a)(2) provides that evidence of pertinent character traits of a victim offered by an accused is admissible. N.C.R. Evid. 405(b) allows for proof of character by evidence of specific instances of conduct in cases where character is an essential element of a charge, claim or defense. Where defendant argues he acted in self-defense, evidence of the victim's character may be admissible for two reasons: "to show defendant's fear or apprehension was reasonable or to show the victim was the aggressor." *State v. Watson*, 338 N.C. 168, 187, 449 S.E.2d 694, 706 (1994), *cert. denied*, —— U.S. ——, 131 L. Ed. 2d 569, *rev'd on other grounds*, *State v. Richardson*, 341 N.C. 585, 461 S.E.2d 724 (1995).

Evidence of a victim's violent character is relevant to prove that defendant's apprehension and need to use force were reasonable if defendant had knowledge of the victim's character at the time of the encounter. *State v. Shoemaker*, 80 N.C. App. 95, 101, 341 S.E.2d 603,

607, *cert. denied*, 317 N.C. 340, 346 S.E.2d 145 (1986). In the present case, defendant did not know Moye nor did he know anything about his reputation prior to the altercation. Thus, evidence of specific instances of Moye's violent character was irrelevant in regards to the reasonableness of defendant's apprehension and need to use force, and the trial court properly denied its admission on this basis.

However, evidence of specific instances of a victim's character, "known or unknown to the defendant at the time of the crime," may be relevant in establishing that the victim was the aggressor when defendant claims self-defense. *Watson*, 338 N.C. at 188, 449 S.E.2d at 706 (citations omitted). Defendant attempted to elicit such evidence by asking Lassiter "[h]ave you ever known Mr. Moye to ever pull a pistol on anyone else out there where you live?" (T. at 75).

In *Watson*, our Supreme Court stated that while evidence was excluded regarding the victim's violent character, the trial court allowed other evidence concerning his character. *Id.* Also, the Court noted that defendant failed to make an offer of proof so as to place the witness' response to the question in the record. *Id.* The Court further held: "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *Id.* (citations omitted). Likewise, here the trial court permitted other evidence which reflected on Moye's character and defendant did not assert or make an offer of proof showing what Lassiter's response would have been. Therefore, we cannot assess the significance of the evidence sought to be elicited and this assignment of error is overruled.

In his fourth assignment of error, defendant contends that the trial court abused its discretion by failing to find extraordinary mitigating factors and impose an intermediate punishment. The trial court did not find any aggravating factors but found the following four mitigating factors: (1) that defendant committed the offense under threat which was insufficient to constitute a defense but significantly reduced his culpability; (2) that defendant has been a person of good character or has had a good reputation in the community; (3) that defendant supports his family; and (4) that defendant has a positive employment history or is gainfully employed.

[4] Defendant contends that the trial court could also have found as extraordinary mitigating factors that he has a support system in the

STATE v. RAY

[125 N.C. App. 721 (1997)]

community, that he acted under strong provocation, and that he had a medical condition that reduced his culpability. Further, the trial court could have imposed an intermediate punishment under N.C. Gen. Stat. § 15A-1340.13(g) (Cum. Supp. 1996). However, the decision to impose an intermediate punishment pursuant to this statute is within the discretion of the trial court. *Id.* In light of the evidence in this case, the trial court did not abuse its discretion by failing to impose an intermediate punishment.

[5] In his final assignment of error, defendant contends that the trial court erred in recommending that he pay restitution to Medicaid in the amount of $82,000.00 as a condition of post release supervision. He argues that the recommendation is not supported by the evidence and is beyond his ability to pay.

At defendant's sentencing hearing, Moye stated, upon inquiry by the trial court, that Medicaid paid his medical bills totalling $82,000.00. Defendant did not object or challenge the amount or existence of the payments by Medicaid. N.C. Gen. Stat. §§ 148-33.2(c), -57.1(c) (1994) provides that the trial court's order of restitution as a condition of work release or parole is a recommendation to the Secretary of the Department of Correction and the Parole Commission, and not an order binding defendant to pay restitution in the amount stated in the judgment. *State v. Wilson*, 340 N.C. 720, 725-26, 459 S.E.2d 192, 195 (1995). If the Department of Correction or the Parole Commission decides that defendant should pay restitution as a condition of work release or parole, a determination of his ability to pay will be made at that time. *See id.* Thus, the trial court did not err by recommending that defendant make restitution to Medicaid in the amount of $82,000.00.

For the above reasons, we conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges LEWIS and MARTIN, Mark D. concur.