McGEE, Chief Judge.
 

 *433
 
 Albert Henry ("Defendant") appeals from his conviction for second-degree murder. Defendant contends the trial court erred by
 
 *167
 
 not allowing him to introduce evidence of the victim's reputation for violence. We disagree.
 

 I. Background
 

 The underlying facts in this case are not in dispute. Defendant had an argument with Chad Bellamy ("Mr. Bellamy") on the morning of 15 June 2011. Both men had guns. John Collins, Sr. ("Mr. Collins") lived nearby and saw the escalating altercation between Defendant and Mr. Bellamy. Mr. Collins yelled to Defendant and Mr. Bellamy that they should "put those guns down and fight each other like men." Defendant
 
 *434
 
 and Mr. Bellamy did put their guns on the ground and "began to swing at each other[.]" A few seconds later, Defendant picked up both guns and fatally shot Mr. Bellamy in the back, as Mr. Bellamy ran away.
 

 At trial, Mr. Collins testified during the State's case-in-chief. On cross-examination, counsel for Defendant sought to elicit testimony from Mr. Collins that Mr. Bellamy had a reputation for violence. The State objected, arguing that it would be more appropriate to allow that evidence during Defendant's case-in-chief-during which Defendant could present evidence to support a claim that he had acted in self-defense. The trial court agreed and noted that Defendant was simply "not there yet for self-defense as to the character of the victim[.]" Counsel for Defendant stated: "If I can't ask [Mr. Collins] that question now, I can recall him if it's relevant." The trial court responded: "Yes, sir, keep [Mr. Collins] under subpoena[,] and if you wish to call him back to testify ... he [can] be available to testify."
 

 During Defendant's case-in-chief, Defendant was allowed to introduce testimony from numerous witnesses that Mr. Bellamy had a reputation for violence. However, Defendant did not recall Mr. Collins to the stand. The jury found Defendant guilty of second-degree murder and possession of a firearm by a felon. Defendant appeals.
 

 II. Analysis
 

 Defendant contends that the trial court erred by "suppress[ing] testimony" from Mr. Collins that Mr. Bellamy had a reputation for violence.
 
 See
 
 N.C. Gen.Stat. § 8C-1, Rules 404, 405 (2013) ;
 
 State v. Ray,
 

 125 N.C.App. 721
 
 , 725,
 
 482 S.E.2d 755
 
 , 758 (1997) ("Where [a] defendant argues he acted in self-defense, evidence of the victim's character may be admissible ... to show [the] defendant's fear or apprehension was reasonable or to show the victim was the aggressor." (citation and internal quotation marks omitted)). Defendant's argument is without merit.
 

 Trial courts have discretion to "exercise reasonable control over the mode and order of interrogating witnesses" at trial. N.C. Gen.Stat. § 8C-1, Rule 611 (2013) ;
 
 State v. Demos,
 

 148 N.C.App. 343
 
 , 351,
 
 559 S.E.2d 17
 
 , 22 (2002). Although Defendant argues at length in his brief before this Court that evidence of Mr. Bellamy's reputation for violence was
 
 admissible
 
 at trial-a matter which is not in dispute-Defendant has provided this Court with no relevant authority suggesting that the trial court abused its discretion under Rule 611 by waiting until Defendant's case-in-chief to allow testimony on Mr. Bellamy's reputation for violence. Defendant also has not demonstrated that he was prejudiced by that decision in any way.
 
 See
 

 *435
 

 State v. McAbee,
 

 120 N.C.App. 674
 
 , 683,
 
 463 S.E.2d 281
 
 , 286 (1995) ("In order to obtain relief, a defendant must show that the error asserted is material and prejudicial.").
 

 Indeed, the trial court did not prevent Mr. Collins from testifying about Mr. Bellamy's reputation for violence. It expressly permitted Defendant to keep Mr. Collins under subpoena so that Mr. Collins could provide this testimony at a later time. Moreover, Defendant was allowed to call numerous witnesses during his case-in-chief to provide testimony regarding Mr. Bellamy's reputation for violence. Defendant appears to have
 
 chosen
 
 not to recall Mr. Collins to testify. Accordingly, we find no error by the trial court.
 
 See
 

 State v. Almogaded,
 

 223 N.C.App. 210
 
 ,
 
 2012 WL 4878849
 
 (2012) (unpublished) (finding no error on similar facts),
 
 disc. review denied
 

 366 N.C. 576
 
 ,
 
 738 S.E.2d 388
 
 (2013).
 

 NO ERROR.
 

 Judges ELMORE and DAVIS concur.